## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,           CASE NO. 07-14339
                                       HON. DENISE PAGE HOOD

v.

FRANCIS LATOURELL,

                Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION
## TO SET ASIDE DEFAULT JUDGMENT [DKT. NO. 51]

Now before the Court is Defendant Francis Latourell's Motion to Set Aside Default Judgment [Dkt. No. 51]. The Government has filed a response, and no reply was filed. The Court, having concluded that the decision process would not be significantly aided by oral argument, previously ordered that the motion be resolved on the motion and briefs submitted by the parties. E.D. Mich. L.R. 7.1(f)(2). [Dkt. No. 54 ] For the reasons that follow, the Court denies Defendant's Motion to Set Aside Default Judgment.

### I.      Background

Defendant obtained student loans totaling $5,000.00 between 1978 and 1982, at an interest rate of 7% per annum. Defendant defaulted on the loans in 1984, after he failed to make any payments. As a result, the balances on the loans were

accelerated.  Defendant did not make any payments before the Government filed suit against him in 2007.  Defendant was properly served, but he did not respond, and default judgment was entered against him on December 3, 2007 in the amount of $10,708.41 (the "2007 judgment").  Defendant did not contact the Government about the 2007 judgment or making payments on it.

The Government was able to garnish Defendant's wages from February 2015 through March 2016, and it recovered more than $9,000 through garnished funds. After Defendant became unemployed in March 2016, the Government was unable to continue wage garnishment.  On August 12, 2016, the Government served a Writ of Garnishment on Guaranty Bank.  As Garnishee, Guaranty Bank filed an Answer on August 29, 2016, advising that Defendant maintained a checking account with Guaranty Bank that had a balance of $2,408.94.  On September 2, 2016, this Court entered a Garnishee Order directing Guaranty Bank to pay $2,408.94 to the Government.  A levy on Defendant's Guaranty Bank account has remained in effect since the garnishment of $2,408.94 occurred.  Any funds deposited into that account, including unemployment compensation, have effectively been frozen since that date. Following the levy and application of that $2,408.94 to the 2007 judgment, Defendant's remaining obligation on the 2007 judgment is $4,768.88.

On the same day the Court entered the Garnishee Order for Guaranty Bank,

Defendant filed two Requests for Hearing, citing exemptions for personal property and unemployment compensation.  Defendant also stated, "I dispute the validity of the debt."  Because Guaranty Bank had paid the $2,408.94 from Defendant's account to the Government and any additional funds in his Guaranty Bank account had been frozen, Defendant later filed a Motion for Release of Bank Levy.

After a telephonic hearing and a review of the parties' briefs on the two Requests for Hearing and the Motion for Release of Bank Levy, the Court concluded that: (a) Defendant had not satisfactorily challenged the 2007 judgment; (b) it cannot quash the Writ of Garnishment issued to Guaranty Bank, as Defendant had not shown that the funds deposited into Guaranty Bank were exempt; (c) the lack of equity in Defendant's residence did not afford Defendant any relief, as that exemption stems from the U.S. Bankruptcy Code, which is not applicable in this non-bankruptcy proceeding.  For those reasons, the Court: (1) granted Defendants' Request for Hearing About the Garnishment and Claim for Exemptions and Request for Hearing About the Answer Filed by the Garnishee, to the extent that Defendant asked for hearings; but (2) denied the substantive relief requested by Defendant in both the Request for Hearing About the Garnishment and Claim for Exemptions and for Hearing About the Answer Filed by the Garnishee.  The Court also held that the Government validly garnished the $2,408.94 from Defendant's Guaranty Bank

3

account, and Defendant was not entitled to reimbursement or return of that amount.

As to Defendant's Motion for Immediate Release of Bank Levy, the parties had discussed the matter of the outstanding balance owed by Defendant on the 2007 judgment against him ($4,768.88), and the Government agreed to work with Defendant regarding a payment plan for the remaining $4,768.88 owed by Defendant. In furtherance of that, the Government agreed not to levy or garnish additional funds in Defendant's Guaranty Bank account pending the establishment of a payment plan for Defendant to repay the remaining $4,768.88 owed on the 2007 judgment.

The Court ordered that Defendant would have 30 days from the date of its Order during which to establish a payment plan satisfactory to the Government with respect to the remaining $4,768.88 owed on the 2007 judgment. The Court's Order also provided that, if Defendant did not establish a satisfactory payment plan on or before 30 days after the date of this Order, the Government would have the right to levy and garnish Defendant's account. According to the Government (and Defendant has not disagreed), despite the passage of more than 30 days, Defendant never contacted the Government about setting up payment arrangements before filing the instant Motion to Set Aside Default Judgment.

## II.    Analysis

In his Motion to Set Aside Default Judgment, Defendant: (1) denies effective

4

service; (2) denies receiving notification of default judgment; (3) denies an event of default occurred in 1984; (4) believes that adjudication of the case based on its merits will result in an outcome different from the outcome of default; and (5) contends that Plaintiff will not suffer prejudice if the entry of default is set aside. Defendant did not file a brief in support of his assertions, nor has he offered <u>any</u> argument or evidence to support any of his assertions. The Government's arguments, and the evidence in the record, demonstrate that there is no merit to any of Defendant's assertions.

First, on November 6, 2007, the Government filed a Certificate of Service that reflects that Defendant was personally served with the Summons and Complaint at 3119 Sandoval Dr., Lake Orion, Michigan on October 31, 2007. Dkt. No. 3. The Court finds it significant that Defendant never raised the issue of defective service in any previous filing with the Court and only made an assertion of ineffective service when filing the current motion. Defendant also has not denied that the Lake Orion address set forth above was his address on October 31, 2007 or that he did not actually receive the Summons and Complaint. Additional uncontested argument and evidence submitted by Defendant reflect that Defendant utilized the Lake Orion address set forth above until at least February 2008.

Second, on December 3, 2007, after Defendant failed to file an answer to the Complaint or otherwise appear in this matter, the Government applied for, and was

granted, a Clerk's Entry of Default and Clerk's Entry of Judgment by Default. Dkt. Nos. 6 and 7.  On December 11, 2007, the Government filed a Certificate of Service with the Court that reflects it mailed copies of the Clerk's Entry of Default and Clerk's Entry of Judgment by Default to Defendant at the Lake Orion address set forth above, which the record suggests Defendant utilized until a later date.  In addition, as the Government notes, Defendant had his wages garnished for over a year, totaling nearly $9,000, without objecting to the garnishment.  The absence of any objection to such a garnishment suggests that Defendant was aware of the judgment against him.

Third, Defendant has offered no evidence that an event of default did not occur in 1984.  He has not submitted any evidence that his loan balance was paid off or that he was making payments at that time.  He has not even alleged or argued that he made scheduled payments or paid off the loan balance.

Fourth, Defendant has proffered no argument or evidence, in his Motion to Set Aside Default Judgment or any other filing, that would support a finding that any outcome other than a judgment against him for the balance of the loan, together with fines and interest, is appropriate.  Defendant has not submitted argument or evidence that would support setting aside the default judgment, as a default judgment may be set aside only upon the showing of: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment has been satisfied,

released, or discharged; or (6) any other reason justifying relief from judgment. *See, e.g., Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2006); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983).

Fifth, the Court finds that the Government has, and will continue, to suffer prejudice if the default judgment is set aside. The debt involved in this matter is nearly 40 years old, and the Government is still trying to collect on it. If the default judgment is set aside, and if judgment is entered in favor of the Government again, Defendant's past and current conduct strongly suggest the Government would be faced with the same challenges to recover amounts already secured and collect on the current loan balance.

The Court denies Defendant's Motion to Set Aside Default Judgment.

## III.   Conclusion

For the reasons stated above, **IT IS ORDERED** that Defendant's Motion to Set Aside Default Judgment [Dkt. No. 51] is **DENIED**.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  February 7, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager